

Filed
10 April 23 P4:03
Gary Fitzsimmons
District Clerk
Dallas District

CAUSE NO. DC-10-04917

| | | |
|---|---|---|
| BURNETT MCKINNEY, JR. AND | § | IN THE DISTRICT COURT |
| ALEXANDRIA MCKINNEY, | § | |
| BOTH INDIVIDUALLY AND ON BEHALF | § | |
| OF THE ESTATE OF | § | |
| BURNETT MCKINNEY, | § | |
| III; BYRON FULLER AND | § | |
| ALEXANDRIA MCKINNEY, | § | |
| BOTH INDIVIDUALLY AND ON BEHALF | § | |
| OF THE ESTATE OF | § | |
| TREVION MCKINNEY; | § | |
| AND SASHA ANDERSON AND | § | |
| LEE BLEVINS, BOTH INDIVIDUALLY | § | |
| AND ON BEHALF OF | § | |
| THE ESTATE OF CHASHAWNA BLEVINS | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| DYNAMIC ENVIRONMENTAL SERVICES, | § | |
| LLC.; ROBBIE THOMPSON; AND | § | |
| CHASHAWNA BLEVINS | § | |
| | § | |
| Defendants. | § I-162 | JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Burnett McKinney Jr. and Alexandria McKinney, both individually and on behalf of the Estate of Burnett McKinney, III; Byron Fuller and Alexandria McKinney, both individually and on behalf of the Estate of Tre'Vion McKinney; and Sasha Anderson and Lee Blevins, both individually and on behalf of the Estate of Chashawna Blevins respectfully file this Petition complaining of the above-referenced Defendants and seeking recovery to the full extent applicable by law under the Texas Wrongful Death Statute, TEX. CIV. PRAC. & REM. CODE § 71.001, et seq., the Texas Survival Statute, TEX. CIV. PRAC. & REM. CODE § 71.021, and all other applicable laws. Plaintiffs complain of the various acts listed below and for their wrongful death and survival causes of action which would show the Court and Jury as follows:

## I.   DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery under Level 3 in accordance with Texas Rule of Civil Procedure 190.

## II.   PARTIES

Plaintiffs are the only heirs of Decedent, there is no legal representative and none is required.

Plaintiffs bring this cause of action in their capacity as the Decedent's only heirs and legal representatives.  Plaintiffs are all beneficiaries entitled to bring this action pursuant to Section 71.004 of T.R.C.P.

Robbie Thompson (hereinafter referred to as "Defendant" and "Defendant Star") is an individual that may be served at 2822 HWY 80, Morton, MS, 39117.

Dynamic Environmental Services, LLC (hereinafter referred to as "Defendant" and "Defendant Evans") is a corporation that may be served through its registered agents, Brent Upton at 6260 HWY 73, Geismer, LA, 70734.

Chashawna Blevins' interests reside in Dallas County, Texas and have accepted service through Kelley|Witherspoon, LLP at 2614 Main, Dallas, Texas 75226.

All Defendants are collective referred to as "Defendants."

## III.   JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this Court.

Venue in Dallas County is proper in this cause under the TEX. CIV. PRAC. & REM. CODE because Plaintiff and co-Defendant Chashawna Blevins was a resident of Dallas County, Texas.

## IV. FACTS

On March 27, 2010, at around 4:18 a.m., Chashawna Blevins, Burnett McKinney III and Tre'Vion McKinney, were involved in a fatal collision in Tyler, Texas on westbound Interstate 20 near the 573 mile marker in Smith County. At or around 4:18 a.m., a semi tractor-trailer owned and operated by Defendant Dynamic Environmental Services. LLC was towing or pulling a box trailer owned and operated by Defendant Dynamic Environmental Services. LLC; the vehicles were being operated or driven by Defendants' employee, Robbie Thompson, who recklessly collided into the rear of Ms. Blevins' vehicle, forcing the vehicle to strike the concrete barrier. After the initial collision our client's vehicle was flipped sideways facing north and resting underneath the semi tractor-trailor operated by Defendants' employee, Robbie Thompson. Due to Defendants' negligence, Chashawna Blevins and Tre'Vion McKinney were pronounced dead at the scene by Smith County Precinct 4 Justice of the Peace Mitch Shamburger, while Burnett McKinney III were transported to East Texas Medical Center where he died a few hours later due to injuries sustained as a result of the impact.

The investigation of the accident indicates that the primary causal factor for the incident occurred because Defendants' employee, Robbie Thompson, failed to notice Ms. Blevins' vehicle which was noticeably stalled in the inside lane, failed to avoid the vehicle and failed to brake at an appropriate time and distance resulting in a high impact collision with Ms. Blevins' vehicle. In addition, the evidence indicates Defendants' vehicle was traveling at a speed of at least 75 mph in a 65 mph speed zone.

## V. NEGLIGENCE

Plaintiffs incorporate the preceding paragraphs as if fully set forth herein. Defendants had a duty to exercise the degree of care that a reasonable person would use to avoid harm to

others under circumstances similar to those described herein.   Plaintiffs' injuries were proximately caused by Defendants' negligent, careless and reckless disregard of said duty.

The negligent, careless and reckless disregard of duty of the Defendants include the following acts and omissions:

a.   Failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances.

b.   Failing to apply brakes to their vehicle in a timely manner to avoid the collision in question.

c.   Failing to apply the brakes to their vehicle to avoid the collision in question.

d.   Failing to drive their vehicles at a rate of speed that was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances.

e.   Failing to avoid the collision in question.

f.   In failing to stop, yield, and grant the privilege of immediate use of the intersection in obedience to a stop sign erected by public authority.

g.   Failing to control speed.

h.   Failing to be properly attentive.

i.   Failing to take proper evasive action.

Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages.

## VI.   RES IPSA LOQUITUR

Additionally, and in the alternative, Defendants are liable to Plaintiffs for the  damages resulting from the wrongful death of Chashawna Blevins, Burnett McKinney III and Tre'Vion

McKinney under the theory of *res ipsa loquitur*. The death of the Plaintiff was caused by an instrumentality within the exclusive control, management and supervision of Defendants and their agents, servants, and employees.

Plaintiffs would further show that an occurrence such as this does not ordinarily happen unless the persons or entities in control fail to exercise that degree of ordinary care to which Plaintiffs and Chashawna Blevins, Burnett McKinney III and Tre'Vion McKinney were entitled to expect. This raises a legal inference that the Defendants, through their agents, servants, or employees, failed to exercise ordinary care under the circumstances, entitling the jury to conclude that Defendants, their agents, servants, or employees were, in fact, negligent, and Plaintiffs therefore relies upon the legal doctrine of *res ipsa loquitur*, meaning "the thing speaks for itself."

Further, Defendants should be required to come forward, and try to disprove, if they can, their failure to exercise ordinary care herein. All of the foregoing conduct, both of omission and commission, on the part of Defendants, constituted proximate causes of the injuries and damages to Plaintiffs herein, for which Defendants are jointly and severally liable.

## VII.   NEGLIGENT ENTRUSTMENT

Plaintiffs incorporate the preceding paragraphs as if fully set forth herein. On the date of the incident in dispute, Defendants were the owners and/or operators of the vehicle driven by Robbie Thompson.

Defendants entrusted the vehicle to Robbie Thompson, a reckless and incompetent driver. Defendants knew, or through the exercise of reasonable care should have known, that Robbie Thompson was a reckless and incompetent driver, and unlicensed in the United States. As

described herein, Robbie Thompson was negligent on the occasion in question. Further, Robbie Thompson's negligence was the proximate cause of Plaintiffs' damages.

Said Defendants knew, or in the exercise of due care should have known, that its employee was an incompetent and unfit driver and would create an unreasonable risk of danger to persons, passengers, and property on the public streets and highways of Texas, in that Defendants' employee was incompetent at the time of the entrustment as alleged above.

## VIII.   WRONGFUL DEATH

Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

Pursuant to TEX. CIV. PRAC. & REM. CODE § 71.002(b), 71.004(b), 71.009, and 71.010, Plaintiffs are entitled to recover from Defendants the actual damages attributable to the wrongful death of Decedent. Plaintiffs are also entitled to recover mental anguish damages. Further, because Defendants' acts and omissions resulted from gross negligence, exemplary damages should be awarded against Defendants in an amount to be determined by the jury in this case.

## IX.   SURVIVAL

Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

Pursuant to TEX. CIV. PRAC. & REM. CODE § 71.021, this action for the injuries sustained by Decedent survives his death. This statute permits Plaintiffs (in their capacity as heirs) to prosecute and recover compensatory and exemplary damages for the claims set forth above.

Accordingly, Plaintiffs seek such damages under TEX. CIV. PRAC. & REM. CODE § 71.021.

## X.   GROSS NEGLIGENCE

Plaintiffs incorporate the preceding paragraphs as if fully set forth herein. Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of

the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others.  Defendants' had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

## XI.   DAMAGES

Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.  As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs suffered substantial damages, including the following:

    a.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Dallas County, Texas;

    b.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    c.   Physical pain and suffering in the past;

    d.   Physical pain and suffering in the future;

    e.   Physical impairment in the past;

    f.   Loss of future earning capacity;

    g.   Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

   h.  Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

   i.  Loss of Parental Consortium in the past, including damages to the parent child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

   j.  Loss of Household Services in the past;

   k.  Loss of Household Services in the future;

   l.  Disfigurement in the past;

   m.  Mental anguish in the past;

   n.  Mental anguish in the future.

To limit what a jury can ultimately award to Plaintiffs, Defendants have requested the court demand that Plaintiffs amend their pleading and state an absolute maximum amount of damages sought in this case, even though Plaintiffs believes that such an act impermissibly invades the province of the jury and that in making this demand, Defendants are suggesting that jurors are unable to carry out their constitutional duty to decide this case based upon the facts and arrive at a full and fair measure of damages suffered by Plaintiffs.  Plaintiffs will comply with Defendants' demand and so that no unwarranted restrictions are placed on the jury's ability to fairly decide the case, and in light of the recent trend of juries to awards for compensatory damages in cases of this nature, Plaintiffs plead in response to Defendants' demand that his actual damages do not exceed $10,000,000.00.

Furthermore, the law affords an award of punitive damages as the sole vehicle for the civil punishment of a company.  In other words, in this context, the law recognizes that it is

impossible to put a company in jail; consequently, the law provides punitive damages to punish a company in certain situations. In this regard, Plaintiffs acknowledge that it is the jury's responsibility to take part in the process by which corporations may be punished, and that in doing so, the jury is called upon to consider not only the egregious nature of Defendants' conduct, but the effect which an award of punitive damages will likely have upon these particular Defendants.

If it is shown that Defendants was grossly negligent, and the jury decides that this is wrong and it ought to be stopped and people ought to be protected, Defendants ought to be punished with an award of punitive damages large enough that Defendants is held up as an example to influence other companies not to be grossly negligent in providing a safe workplace for their employees. Although believing that an award of punitive damages is entirely within the province of the jury, but being forced to comply with Defendants' request that Plaintiffs plead a maximum amount of punitive damages and consistent with the goal of not placing any unwarranted restrictions on the jury's ability to fairly decide the case, and based on recent jury verdicts for punitive damages involving companies that appear to be comparable to Defendants, Plaintiffs plead that the maximum amount of punitive damages sought by Plaintiff is $30,000,000.00, an amount likely commensurate with Defendant's profit.

Such amount is pled by Plaintiffs due to the egregious nature of Defendants' conduct, Defendants' willful disregard for the life of Chashawna Blevins, Burnett McKinney III and Tre'Vion McKinney and Defendants' substantial financial wealth, inasmuch as the jury is asked to consider that an award of especially significant damages will have a negative economic effect on Defendants' business which would, in turn, have the positive effect of deterring Defendants and others like Defendants from operating their financially successful business at the expense of

the lives of their employees.

Furthermore, because Defendants' conduct (through its employee, Robbie Thompson) constitutes a felony under § 22.02 of the TEX. PENAL CODE, as set forth more particularly hereinabove, Plaintiff is entitled to an award of exemplary damages which is not subject to limitation under § 41.008(b) of the TEX. CIV. PRAC. & REM. CODE, pursuant to § 41.008(c)(4) of the TEX. CIV. PRAC. & REM. CODE.

## XII.   JURY DEMAND

Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

## XIII.   REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named herein as Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2(a)-(k).

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendants per Section 41.006, Chapter 41, TEX. CIV. PRAC. & REM. CODE, excluding interest, and as allowed by Sec. 41.008, Chapter 41, TEX. CIV. PRAC. & REM. CODE, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**KELLEY|WITHERSPOON, LLP**

Kevin Kelley
State Bar No. 24038993
Nuru Witherspoon
State Bar No. 24039244
Erin N. Anderson
State Bar No. 24040431
2614 Main
Dallas, Texas 75226
(972) 850-0500
(972) 850-0400 Telecopier

ATTORNEYS FOR PLAINTIFFS

STATE OF TEXAS }
COUNTY OF DALLAS }

I, GARY FITZSIMMONS, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears of
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _18_ day of _May_, A.D., _7010_.

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _Kelly Maluda or_ Deputy

# B



## DALLAS COUNTY CIVIL DISTRICT COURT COVER SHEET

### STYLED THE ESTATE OF BURNETT MCKINNEY, JR. ET AL v. DYNAMIC ENVIRONMENTAL SERVICES ET AL

This Civil Cover Sheet must be completed, filed and served with every petition. The information should be the best available at the time of fling, understanding that the information may change before trial. <u>This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial.</u> Check (√) all applicable boxes.

| Plaintiff(s) Burnett McKinney, Jr. et al | Defendant(s) (list separately) |
|---|---|
| ☐ Pro Se _____ | |
| Address _____ | Dynamic Environmental Services, Et Al |
| _____ | _____ |
| Telephone/Fax _____ | _____ |
| E-mail _____ | _____ |
| | _____ |
| ■ Attorney for Plaintiff(s) Kevin Kelley | _____ |
| State Bar No. _24038993_ | _____ |
| Address _____26 14 Main Street, Dallas Texas 75226_ | _____ |
| | _____ |
| Telephone/Fax _____972.850.0500_____ | |
| E-mail _____ | |

---

### PARTIES *MUST* CHECK ONE CASE TYPE AND MAY CHECK ONE SUB-TOPIC

- ☐ Administrative Appeal
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Code Violations
- ☐ Condemnation
- ☐ Construction
- ☐ Construction
- ☐ Debt/Contract
- ☐ Defamation
- ☐ Other Commercial Dispute
  - ☐ Antitrust/Unfair Comp
  - ☐ Consumer/DTPA
  - ☐ Franchise
  - ☐ Fraud/Misrep
  - ☐ Intellectual Property
  - ☐ Non-Competes
  - ☐ Partnership
  - ☐ Securities/Stock
  - ☐ Tortuous Interference
  - ☐ Other Commercial
- ☐ Discipline
- ☐ Discovery
  - ☐ Rule 202 Depositions
  - ☐ Commissions
  - ☐ Subpoena
  - ☐ Letters Rogatory
  - ☐ Other Discovery
- ☐ Employment
  - ☐ Discrimination
  - ☐ Retaliation

- ☐ Termination
- ☐ Other Employment
- ☐ Foreclosure
  - ☐ R 736
  - ☐ Other than R 736
- ☐ Foreign Judgment
- ☐ Insurance
- ■ Mass Tort/MDL/Rule 11
  - ☐ Asbestos
  - ☐ Baycol
  - ☐ Breast Implant
  - ☐ Firestone
  - ☐ Phen-Fen
  - ☐ Silica
  - ☐ Other Multi-Party
- ☐ Motor Vehicle Accident
  - ☐ Other Personal Injury
  - ☐ Assault/Battery
  - ■ Product
  - ☐ Premises
  - ☐ Other Personal Injury
- ☐ Name Change
- ☐ Post-Judgment
- ☐ Professional Liability
  - ☐ Accounting
  - ☐ Legal
  - ☐ Med/Mal
  - ☐ Other Prof. Liab.
- ☐ Property

- ☐ Partition
- ☐ Quite Title
- ☐ Trespass/Try Title
- ☐ Other Property
- ☐ Prejudgment Remedy
- ☐ Seizure/Forfeiture
- ☐ Tax
  - ☐ Tax Appraisal
  - ☐ Tax Delinquency
  - ☐ Tax Land Bank
  - ☐ Tax Personal
  - ☐ Tax Real
- ☐ Workers Comp
- ☐ Other

**ADDITIONAL SUB-TOPICS**
- ☐ Attachment
- ☐ Bill of Discovery
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Receiver
- ☐ Sequestration
- ☐ Severance
- ☐ TRO/Injunction
- ☐ Turnover

---

**DISCOVERY LEVEL** ☐ Level 1   ☐ Level 2   ☐ Level 3
☐ Local Rule 1.08 Certification (Must be completed and signed)
This case is not subject to transfer pursuant to Local Rule 1.07, or
This case is related to another case filed or disposed of in Dallas County:
Court: _____   Style: _____   Case No. _____

_____Kevin Kelley_____
Attorney's Signature

STATE OF TEXAS      }
COUNTY OF DALLAS  }

I, GARY FITZSIMMONS, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears of
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ___18___ day of ___May___, A.D., ___2010___.

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy





GARY FITZSIMMONS
DALLAS COUNTY DISTRICT CLERK



FILED
APR 26th 2010
GARY FITZSIMMONS
DIST. CLERK, DALLAS CO., TEXAS
Franchesca Zaratte Deputy
10.

CAUSE NO. DC10-4917-I

Burnett McKinney Sr          *          IN THE DISTRICT COURT
**PLAINTIFF**                *
                             *          160 JUDICIAL DISTRICT

VS                                      DALLAS COUNTY, TEXAS

Dynamic Environment
**DEFENDANT**


ENTER DEMAND FOR JURY


JURY FEE PAID BY:

( PLAINTIFF / ) DEFENDANT


FEE PAID: $30.00


RECORDED IN VOLUME J20 PAGE 235


600 Commerce Street  X  DALLAS, TEXAS  75202   (214) - 653 - 7149.
FAX (214) - 653 - 6634    e-mail:gfitzsimmons@dallascounty.org
web site: www.dallascounty.org/distclerk/index.html

STATE OF TEXAS }
COUNTY OF DALLAS }

I, GARY FITZSIMMONS, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears of record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this ____ day of ____ May ____, A.D., ____ 2010

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____Deputy



CAUSE NO. DC-10-04917-I

FILED

2010 MAY 17 PM 3:09

G_____

DALLAS_____ TEXAS

_____DEPUTY

| | | |
|---|---|---|
| BURNETT MCKINNEY, JR. AND | § | IN THE DISTRICT COURT OF |
| ALEXANDRIA MCKINNEY, BOTH | § | |
| INDIVIDUALLY AND ON BEHALF OF | § | |
| THE ESTATE OF BURNETT | § | |
| MCKINNEY, III; BYRON FULLER | § | |
| AND ALEXANDRIA MCKINNEY, | § | |
| BOTH INDIVIDUALLY AND ON | § | |
| BEHALF OF THE ESTATE OF | § | |
| TREVION MCKINNEY; AND SASHA | § | |
| ANDERSON AND LEE BLEVINS, | § | |
| BOTH INDIVIDUALLY AND ON | § | |
| BEHALF OF THE ESTATE OF | § | |
| CHASHAWNA BLEVINS | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| DYNAMIC ENVIRONMENTAL | § | |
| SERVICES, LLC.; | § | |
| ROBBIE THOMPSON; AND | § | |
| CHASHAWNA BLEVINS | § | |
| | § | |
| Defendants. | § | 162ND JUDICIAL DISTRICT |

### DEFENDANTS DYNAMIC ENVIRONMENTAL SERVICES, LLC AND ROBBIE THOMPSON'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW**, Dynamic Environmental Services, LLC and Robbie Thompson, Defendants in the above-entitled and numbered cause, and files this their Motion to Transfer Venue and Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

## I.
### MOTION TO TRANSFER VENUE

1.     Defendants deny that venue is proper in Dallas County.  Specifically, venue is proper in Smith County because all or a substantial portion of the events giving rise to Plaintiffs' claims occurred in Smith County.  (Plaintiffs' Original Petition at 3).  *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

2.     Defendants specifically deny that venue is proper in Dallas County because Chashawna Blevins ("Blevins") is a "Plaintiff and co-defendant," "was a resident of Dallas County, Texas," or that her "interests reside in Dallas County, Texas."  Defendants deny that Blevins is a Plaintiff.  Further, Blevins is deceased.  (Plaintiffs' Original Petition at 2, 4).  A deceased person is neither a proper defendant nor a proper plaintiff because a deceased person cannot sue or be sued.  Thus, Defendants also deny that Blevins is a co-defendant.  Finally, the venue statute deals with parties, not interests.  Accordingly, Dallas County is not a proper county of venue.

3.     Defendants Dynamic Environmental Services, LLC and Robbie Thompson do not reside in Dallas County, Texas and are not Texas residents.  Thus, subsections 15.002(a)(2) and (3) do not apply.

4.     Even if one or more of the Plaintiffs reside in Dallas County, venue is proper based on a plaintiffs' residence only if one of the other general venue provisions does not apply.  *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(4).

5.     Here, the general provision in section 15.002(a)(1) is clearly applicable under the facts as alleged in Plaintiffs' pleading.  Consequently, Smith County is the county of proper venue.  Accordingly, the Court should transfer the case to Smith County, Texas.

## II.
## GENERAL DENIAL

6.     Subject to their motion to transfer venue, Defendants generally deny the allegations contained in Plaintiffs' Original Petition, including all amendments or supplements thereto, and demand strict proof thereof pursuant to the Texas Rules of Civil Procedure.

## III.
## AFFIRMATIVE DEFENSES,
## INFERENTIAL REBUTTALS, AND OTHER DEFENSIVE MATTERS

7.     Defendants deny that it failed to act reasonably, failed to act in good faith, or failed to act with all due care at any time relevant to this action.

8.     Defendants deny that any breach of legal duty by act, omission, or otherwise, was the proximate, producing, or legal cause of any injury to Plaintiffs.

9.     The injuries and damages sustained by Plaintiffs, if any, were proximately caused by the unforeseeable, superseding, and intervening acts and/or omissions of parties over whom Defendants had no supervision or control.   As such, the proportionate responsibility of these parties should be submitted to the trier of fact in accordance with the provisions of Chapter 32 and/or Chapter 33 of the Texas Civil Practice and Remedies Code.

10.    Defendants assert the affirmative defense of contributory negligence against Blevins and would show that Blevins failed to use that degree of care and caution which would have been used by persons of ordinary prudence under the same or similar circumstances.  These actions and failures constitute negligence and were a proximate cause, or even the sole proximate cause, of the incident in question and Plaintiffs' alleged damages.

11.    Plaintiffs' recovery must be offset by any amounts received from joint tort-feasors and/or other defendants.  Defendants pray for all credit and/or offset rights at law by virtue of any settlement entered into by Plaintiffs with any party or non-party, in connection with or

relating to any matter pertaining to the claim or claims made herein by Plaintiffs.   Defendants invoke all rights under law, including, but not limited to, any above-mentioned rights set forth in Chapter 32 and/or Chapter 33 of the Texas Civil Practice and Remedies Code.

12.     Plaintiffs' alleged damages should be proportionately reduced or barred to the extent of Plaintiffs' failure to mitigate damages.

13.     Plaintiffs' alleged injuries, damages or liabilities complained of herein are the result of an unavoidable accident.

14.     Defendants assert that the imposition of punitive damages against Defendant in this case would violate its constitutional rights under the federal and Texas constitutions, to wit:

> a.     Texas law provides inadequate and insufficient procedural safeguards and standards for the imposition of punitive damages, violating Defendants' due process rights;

> b.     An award of punitive damages against Defendants would violate their right to freedom from excessive fines and from cruel and unusual punishment;

> c.     An award of punitive damages, being essentially criminal in nature, would violate Defendants' right not to be compelled to be witnesses against themselves and their right to have liability imposed only upon proof beyond a reasonable doubt;

> d.     Texas law governing the imposition of punitive damages is unconstitutionally vague and ambiguous and fails to give Defendants adequate notice of the elements of the offense for which punitive damages may be assessed;

> e.     Introduction of evidence of Defendants' net worth or income would be so prejudicial and inflammatory as to violate Defendants' rights to a fair trial and to due process;

> f.     An award of punitive damages would violate equal protection, in that the law permits different awards against defendant who have committed similar offenses and who differ only in material wealth, thus constituting arbitrary, invidious, and unconstitutional discrimination;

> g.     An award of punitive damages would be an unconstitutional burden on interstate commerce.

15. Defendants plead they cannot be held to answer for punitive or exemplary damages for acts or omissions of any employer or agent.

16. Defendants assert the punitive damages cap, pre-judgment interest limitation and all other procedural protections afforded to it by Chapter 41 of the Texas Civil Practice & Remedies Code.

17. Defendants would show that any award of pre-judgment interest on future damages would deprive Defendants of their property and rights without due process and course of law, and would further constitute an excessive and unreasonable fine or penalty prohibited by the Texas and United States Constitutions. Any claims for pre-judgment interest is limited by the dates and amounts as set forth in Chapter 304 of the Texas Finance Code and/or Chapter 41 of the Texas Civil Practice and Remedies Code.

18. Defendant asserts all of the foregoing denials, defenses, and other defensive matters against all parties asserting any claims, including cross-claims, counterclaims, third-party claims, or any other claims against Defendants.

## IV.
### CLAIM FOR CONTRIBUTION

19. Defendants deny that Plaintiffs are in any way entitled to recover damages from Defendants. In the unlikely event liability is found against Defendant, however, Defendants seek contribution under Chapter 33 from any co-defendant or responsible third party whose negligence were a proximate, producing, sole proximate, and/or sole producing cause of Plaintiffs' alleged injuries and damages in this matter.

## V.
### PRAYER

20.  **WHEREFORE, PREMISES CONSIDERED,** Dynamic Environmental Services, LLC and Robbie Thompson respectfully request the Court grant their motion to transfer venue and transfer this case to Smith County, Texas, and that upon final hearing hereof, Plaintiffs take nothing by this suit, that Defendants recover their costs, and that Defendants have such other and further relief, both at law and in equity, to which they may be justly entitled.

Respectfully submitted,

By _____
**JOHN M. PEASE**
Texas Bar No. 15698050

**BYRON K. HENRY**
Texas Bar No. 24008909

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)

**ATTORNEYS FOR DEFENDANTS,**
**DYNAMIC ENVIRONMENTAL**
**SERVICES, LLC AND ROBBIE**
**THOMPSON**

DEFENDANTS, DYNAMIC ENVIRONMENTAL SERVICES, LLC AND
ROBBIE THOMPSON'S MOTION TO TRANFER VENUE AND ORIGINAL ANSWER
Document #: 1397535

Page 6 of 7

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2010, a true and correct copy of the foregoing document was delivered to the counsel of record as listed below.

> *Via Telecopier*
> Kevin Kelley, Esq.
> Nuru Witherspoon, Esq.
> Erin N. Anderson, Esq.
> Kelley Witherspoon, LLP
> 2614 Main
> Dallas, Texas 75226
> *Counsel for Plaintiffs*

JOHN M. PEASE



**JUDGE'S DOCKET**

| Action: | Filing: | No. _____ |
|---|---|---|

| PARTIES | ATTORNEYS |
|---|---|

**DC – 10 – 04917**

**Filed: 04/23/2010**

| MASS TORT/MDL/RULE 11 | 162nd District Court |
|---|---|

BURNETT MCKINNEY, Jr. vs. DYNAMIC
ENVIRONMENTAL SERVICES LLC

| Plaintiff | Lead Attorney |
|---|---|
| MCKINNEY, BURNETT, Jr | KELLEY, KEVIN |

| Defendant | Lead Attorney |
|---|---|
| DYNAMIC ENVIRONM | |

PLCNER
2614 Main St
Dallas, TX 75226
(972) 850-0500
Fax 0400

| JURY DEMAND DATE 4-26-10 | | DATE GIVEN | TO | SETTINGS | DATE SET | TIME | DATE GIVEN | TO | SETTINGS | DATE SET | TIME |
|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE PAID BY PC | VOL 1262735 PAGE | | | | | | | | | | |

**REPORTED HEARING**

| DATE | WIT. | EX. | RPTR | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

| D I S P O S I T I O N | To fed court ☐ To another county ☐ D.W.P. ☐ Nonsuit ☐ Default ☐ Agreed Jgt ☐ Summary Jgt ☐ Ex parte Jgt ☐ Nonjury trial ☐ Jgt on verdict ☐ Dir verd or NOV ☐ Other disposition ☐ | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| J U R Y   A C T I V I T Y | Voir dire Jury sworn Ev to jury Mistrial Hung jury Dir verd Verdict New trial | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

DATE | ORDERS



JS 44 (TXND Rev. 2/0)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Burnett McKinney, Jr., et al.

## DEFENDANTS
Dynamic Environmental Services, LLC, Robbie Thompson and Chashawna Blevins

(b) County of Residence of First Listed Plaintiff    Dallas County, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kevin Kelly, Nuru Witherspoon, Erin N. Anderson, Kelly Witherspoon, LLP, 2614 Main Street, Dallas, TX 75225, (972) 850-0500

Attorneys (If Known)
John M. Pease, Byron K. Henry, Cowles & Thompson, P.C., 901 Main Street, Suite 3900, Dallas, TX 75202, (214) 672-2000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | PERSONAL PROPERTY | Safety/Health | SOCIAL SECURITY | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | LABOR | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | FEDERAL TAX SUITS | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | or Defendant) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 871 IRS—Third Party | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332 (Diversity) Tex.Civ.Prac. Code § 71.001 et seq. (survival and wrongful death)
Brief description of cause:
wrongful death and survival actions resulting from motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 10,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
(See instructions)

JUDGE

DOCKET NUMBER

DATE 5/19/2010

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE



# United States District Court
# Northern District of Texas

## Supplemental Civil Cover Sheet For Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1.   **State Court Information:**

Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

| Court | Case Number |
|---|---|
| 162nd District Court, Dallas County, Texas | Cause No. DC-10-04917-I |

2.   **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| Party and Party Type | | Attorney(s) |
|---|---|---|
| Burnett McKinney, Jr. and Alexandria McKinney, both Individually and on behalf of The Estate of Burnett McKinney, III | Plaintiffs | Kevin Kelly<br>State Bar No. 24038993<br>Nuru Witherspoon<br>State Bar No. 24039244<br>Erin N. Anderson<br>State Bar No. 24040431<br>Kelley Witherspoon, LLP<br>2614 Main Street<br>Dallas, TX 75226<br>(972) 850-0500 |
| Byron Fuller and Alexandria McKinney, both Individually and on behalf of The Estate of Trevion McKinney | Plaintiffs | Kevin Kelly<br>State Bar No. 24038993<br>Nuru Witherspoon<br>State Bar No. 24039244<br>Erin N. Anderson<br>State Bar No. 24040431<br>Kelley Witherspoon, LLP |

**Supplemental Civil Coversheet**
**Page 2**

| | | |
|---|---|---|
| | | 2614 Main Street<br>Dallas, TX 75226<br>(972) 850-0500 |
| Sasha Anderson and Lee Blevins, both Individually and on behalf of The Estate of Chashawna Blevins | Plaintiffs | Kevin Kelly<br>State Bar No. 24038993<br>Nuru Witherspoon<br>State Bar No. 24039244<br>Erin N. Anderson<br>State Bar No. 24040431<br>Kelley Witherspoon, LLP<br>2614 Main Street<br>Dallas, TX 75226<br>(972) 850-0500 |
| Dynamic Environmental Services, LLC | Defendant | John M. Pease<br>State Bar No. 15698050<br>Byron K. Henry<br>State Bar No. 24008909<br>Cowles & Thompson, P .C.<br>901 Main Street, Suite 3900<br>Dallas, TX 75202<br>(214) 672-2000 |
| Robbie Thompson | Defendant | John M. Pease<br>State Bar No. 15698050<br>Byron K. Henry<br>State Bar No. 24008909<br>Cowles & Thompson, P .C.<br>901 Main Street, Suite 3900<br>Dallas, TX 75202<br>(214) 672-2000 |
| Chashawna Blevins | Defendant | |

3.   **Jury Demand:**

Was a Jury Demand made in State Court?          X Yes  No

If "*Yes*," by which party and on what date?

<u>Plaintiffs</u>                                      <u>April 23, 2010</u>
Party                                                Date

**Supplemental Civil Coversheet**
**Page 3**

4.     **Answer:**

Was an Answer made in State Court?                    X  Yes   No

   If "*Yes*," by which party and on what date?

   Dynamic Enviromental Services, LLC
   and Robbie Thompson                                    May 17, 2010
   Party                                                  Date

5.     **Unserved Parties:**

The following parties have not been served at the time this case was removed:

   <u>**Party**</u>                              <u>**Reason(s) for No Service**</u>

      N/A

6.     **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

   <u>**Party**</u>                              <u>**Reason**</u>

      N/A

7.     **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

   <u>**Party**</u>                              <u>**Claim(s)**</u>

      Plaintiffs                                 Negligence
                                                 Gross Negligence
                                                 Negligent Entrustment